UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCUS HARRIS a/k/a
MARZUQ AL-HAKIM,

      Plaintiff,

v.                                             CASE No. 8:16-cv-12-T-27MAP

STATE OF FLORIDA,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (doc. 2). Plaintiff is a *pro se* prisoner confined at Hamilton Correctional Institution in Jasper, Florida. He initiated this case by filing a complaint under the declaratory judgment act, 28 U.S.C. § 2201, *et seq*. (doc. 1). Plaintiff states in his complaint that he is a convicted felon and, "[o]n October 13, 2015, the State of Florida declined for personal representative because of Petitioner['s] status as felon to be qualified in brother's estate." (doc. 1 at 2). Attached to his complaint is an order from the Probate Division of the Pasco County Circuit Court dismissing his petition for a summary administration of his brother's estate. He alleges that Fla. Stat. §§ 733.303(1)(a) and 733.504(7), which make it unlawful for a convicted felon to serve as a personal representative of a decedent's estate, are "wholly arbitrary and unconstitutional violative of equal protection of law." (doc. 1 at 3). He asks the federal court to declare these state statutes unconstitutional.

A district court must dismiss an *in forma pauperis* complaint at any time if it determines the

action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A complaint is "frivolous if it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While this Court is mindful that a *pro se* Plaintiff's pleading must be construed liberally by the Court, the Court finds the complaint fails to state a claim against Defendant.

For Plaintiff to state a claim for relief, "a complaint ... does not need detailed factual allegations, ... [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555. A plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim. *Id.* A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiff cannot state a claim against the Defendant State of Florida for at least three reasons. First, the probate court did not refuse to appoint Plaintiff as personal representative of his brother's estate because he was a convicted felon (*see* doc. 1-1 at 1). In fact, it expressly noted that Plaintiff had not yet petitioned the court for formal administration and appointment as personal representative. Instead, the court dismissed the petition for summary administration because the estate's only asset was a wrongful death lawsuit, and a lawsuit cannot be filed or prosecuted through a summary estate

(*Id.*).[1] Thus, Plaintiff has not developed a sufficient factual record, and the issue is not ripe. *See Beeline Entm't Partners, Ltd. v. Cnty. of Orange*, 243 F.Supp.2d 1333, 1339 (M.D. Fla. 2003) (dismissing an as-applied constitutional challenge to a city ordinance for lack of ripeness). The Court therefore lacks jurisdiction to consider Plaintiff's as-applied challenge to the statutes. *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1309-10 (11th Cir. 2009).

Second, the Eleventh Amendment prohibits the federal courts from entertaining "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. This bar imposed by the Eleventh Amendment has been extended, by judicial construction, to suits brought against states by their own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 10 (1890). "The Eleventh Amendment bars suits brought directly against a state, absent the state's consent, irrespective of the nature of the relief sought." *Okpalobi v. Foster*, 190 F.3d 337, 343 (5th Cir. 1999), citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978) and *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

Further, the Eleventh Amendment generally proscribes suits in federal court against states *and* state officers acting in their official capacities. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). Under limited circumstances, however, articulated by the Supreme Court in *Ex parte*

---

[1] I note that it appears Plaintiff's deceased brother's estate is not eligible for summary administration. Plaintiff estimates the value of the wrongful death suit at $300,000 (Doc. 1-1 at 1). A summary administration allows for the immediate distribution of an estate's assets to the persons entitled to them. Fla. Stat. 735.206(3). However, only estates valued at less than $75,000 are eligible for summary administration (or estates where the decedent has been dead for more than two years). *See* Fla. Stat. 735.201.

*Young*, 209 U.S. 123 (1908), Plaintiff may be able to challenge the constitutionality of a state statute by filing suit against state officials acting in their official capacities. That case determined

> that individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action.

*Id*. at 155-56. But this exception to Eleventh Circuit immunity only applies to claims against state officials who continue to violate federal law by enforcing unconstitutional state laws, and the suit must seek prospective injunctive relief. *See Green v. Mansour*, 474 U.S. 64, 68 (1985); *Wallace v. New York*, 40 F.Supp.3d 278, 304 (E.D. N.Y. 2014). Here, Plaintiff purports to sue the State of Florida (which is immune from suit), and his claims as stated do not meet the *Ex Parte Young* exception.

The third reason Plaintiff fails to state a claim is because he attempts to bring this case under the declaratory judgment act, which does not provide an independent cause of action for determination of the constitutionality of a statute. *See Earnest v. Lowentritt*, 690 F.2d 1198, 1203 (5th Cir. 1982). An appropriate way for Plaintiff to challenge the constitutionality of the state laws at issue (if indeed he can go forward notwithstanding the Eleventh Amendment's jurisdictional bar) is under the federal civil rights statute, 42 U.S.C. § 1983. *See Doe v. DeWine*, 99 F.Supp.3d 809, 815 (S.D. Ohio 2015), quoting *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To establish a claim under Section 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Id*., quoting *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). Plaintiff's complaint fails to meet this test.

As Plaintiff's complaint fails to state a claim, I recommend it be dismissed. Therefore, upon consideration, it is

RECOMMENDED:

1. Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (doc. 2) be DENIED; and

2. Plaintiff's case be dismissed.

IT IS SO RECOMMENDED in Tampa, Florida on January 12, 2016.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.