UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCUS HARRIS a/k/a
MARCS AL-HAKIM,

    Plaintiff,

v.                                                        Case No: 8:16-cv-12-T-27MAP

STATE OF FLORIDA,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge recommending that Plaintiff's Complaint (Dkt. 1) be dismissed and his request to proceed *in forma pauperis* (Dkt. 2) be denied. (Dkt. 4). Plaintiff filed objections (Dkt. 6) and an amended complaint (Dkt. 7). Upon consideration, Plaintiff's objections are overruled and the Report and Recommendation is adopted as the opinion of the Court.

A district court may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Objections must "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see Leatherwood v. Anna's Linens Co.*, 384 Fed. App'x. 853, 857 (11th Cir. 2010). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 Fed. Appx. 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982)); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

1

The Magistrate Judge recommended that Plaintiff's motion for leave to proceed *in forma pauperis* be denied and his case be dismissed because he cannot state a claim for relief for at least three reasons. First, his claims are not ripe because the probate court did not refuse to appoint Plaintiff as personal representative of his bother's estate because he is a convicted felon. Rather, it expressly noted that Plaintiff had not yet petitioned the court for formal administration and appointment as personal representative. Second, the State of Florida is immune from Plaintiff's claims under the Eleventh Amendment. Third, the declaratory judgment act does not provide an independent cause of action for determination of the constitutionality of a statute.

Plaintiff objects to the Report and Recommendation because he was not given leave to amend his Complaint. Plaintiff has since filed an Amended Complaint. In his original Complaint, Plaintiff sued the State of Florida seeking a declaration that Florida Statutes sections 733.303(1)(a) and 733.504(7) are unconstitutional because they disqualify convicted felons from serving as personal representatives of a deceased's estate. (Dkt. 1). Although Plaintiff adds additional legal conclusions in his Amended Complaint, he continues to sue the State of Florida seeking a "decree" from this Court that the same Florida Statutes are unconstitutional. (Dkt. 7). According to the probate docket sheet Plaintiff attaches to the Amended Complaint, the last action taken was the Order dismissing his petition for summary administration and denying his motion challenging the constitutionality of sections 733.303(1) and 733.504(1)(a), which he attached to his original Complaint. (Dkt. 7 at 5; Dkt. 1-1).

Plaintiff does not object to any specific finding or conclusion made by the Magistrate Judge, and I find no error in them. And, Plaintiff's Amended Complaint does not cure the deficiencies in his original Complaint. First, as the Magistrate Judge concluded, Plaintiff's case is not ripe because

he does not allege that he petitioned the probate court to be appointed as personal representative of his brother's estate and that such a petition was denied. Second, the State of Florida is immune from suit under the Eleventh Amendment and the *Ex Parte Young* exception does not extend to the state. *Eubank v. Leslie*, 210 Fed. App'x 837, 844 (11th Cir. 2006) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100–03, 104 S.Ct. 900, 908–09, 79 L.Ed.2d 67 (1984)). Finally, even liberally construing Plaintiff's Amended Complaint as bring a claim under 42 U.S.C. § 1983 because he references the Fourteenth Amendment and equal protection, the Amended Complaint does not overcome the Eleventh Amendment's jurisdictional bar.

Accordingly,

1. Plaintiff's Objections are **OVERRULED**.

2. The Report and Recommendation (Dkt. 4) is **APPROVED** and **ADOPTED** as the opinion of the Court for all purposes, including for appellate review.

3. Plaintiff's request to proceed *in forma pauperis* (Dkt. 2) is **DENIED**.

4. Plaintiff's Complaint and Amended Complaint are **DISMISSED**.

5. Plaintiff's Motion to Order Telephonic Case Management Conference Between Party of Pro Se Incarcerated (Dkt. 5) is **DENIED** *as moot*.

5. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 16th day of February, 2016.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
pro se Plaintiff
Counsel of Record